**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ltfisher@bursor.com

*Attorney for Plaintiff*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Michael J. Hurvitz (SBN 249050)
mike.hurvitz@nelsonmullins.com
Ian G. Schuler (SBN 275052)
ian.schuler@nelsonmullins.com
750 B. Street, Suite 2200
San Diego, CA 92101
Telephone: 619.489.6110
Facsimile:  619.821.2834

Peter J. Haley (*pro hac vice*)
peter.haley@nelsonmullins.com
William T. Hogan III (*pro hac vice*)
bill.hogan@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA  02111
Telephone:  617- 217-4714
Facsimile:  617 -217-4710

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOI BUTTS, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>     v.<br><br>CIBO VITA, INC.,<br><br>                                    Defendant. | Case No.  2:22-cv-00644-TLN-KJN<br><br>**JOINT SCHEDULING REPORT**<br><br>**DISTRICT JUDGE:** Hon. Troy L. Nunley<br>**MAG. JUDGE**: Hon. Kendall J. Newman |

Plaintiff Joi Butts ("Plaintiff") and Defendant Cibo Vita, Inc. ("Defendant") (collectively, the "Parties") met and conferred on July 6, 2022 and, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 240 of the Eastern District of California, hereby submit the following Joint Discovery Plan:

**1. Overview**

<u>Plaintiff's Statement</u>

This class action arises from Defendant's manufacturing and sale of a number of its trail mix products under the Nature's Garden brand, including Nature's Garden Heart Healthy Trail Mix, Nature's Garden Omega-3 Deluxe Mix, and Nature's Garden Cranberry Health Mix (collectively, the "Products"). Excessive consumption of added sugar has consistently been found to increase the risk of several medical conditions, including heart disease, diabetes, obesity, high cholesterol, and hypertension. Despite the evidence, Defendant engages in a pervasive marketing campaign, advertising its high-sugar Products with health and wellness claims that the Products are "heart healthy." Defendant makes these misrepresentations to increase the price and sales of its Products.

Plaintiff made several purchases of the Products based on Defendant's representations that the Products were "heart healthy." Had Plaintiff known that the representations she relied upon in making her decision to purchase the Products were false, misleading, and deceptive, she would not have purchased the Products. For these reasons, Plaintiff seeks to represent a class defined as all consumers in the United States who purchased the Products during the applicable statute of limitations period. Plaintiff also seeks to represent a subclass of California residents who purchased the Products in the State of California. Plaintiff asserts the following claims: (1) violation of the California Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq*.; (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.; (3)

violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500; (4) breach of express warranty; (5) breach of implied warranty of merchantability; and (6) unjust enrichment.

Defendant's Statement

Cibo Vita sells three nutrient-dense trail mixes that are the subject of this action: Nature's Garden Heart Healthy Trail Mix, Nature's Garden Omega-3 Deluxe Mix and Nature's Garden Cranberry Health Mix (collectively the "Products"). The Products contain nuts such as almonds, walnuts, peanuts, and pistachios, along with cranberries, raisins and dark chocolate. The Products' sugar content is clearly listed on their nutrition facts panel and ingredient list, which alerts consumers that the Products have added sugar.

The Products are not unhealthy and no reasonable consumer would be misled by the challenged statements in the Complaint. The Products contain added sugar that is significantly lower than recommended daily intake. The health benefits of the nutrients contained in the Products are not negated by the presence of added sugar. The challenged statements set forth in the Complaint are factually accurate and incorporate express disclosures about the added sugar content. No reasonable consumer would be misled by the presence of the added sugar content in the Products.

The Plaintiff's state law claims are expressly preempted by the Nutrition Labeling and Education Act ("NLEA"), 21 U.S.C. § 343, et seq., because the challenged statements are allowed under federal law, notwithstanding the presence of added sugar. The FDA authorizes Cibo Vita's health claims and has determined that qualified health claims about nut-containing products are permitted provided the products satisfy identified criteria, do not contain "disqualifying nutrient levels" as defined in 21 C.F.R. § 101.14(a)(4), and contain specified information – requirements the Products satisfy. The FDA has declined to recognize sugar as a "disqualifying nutrient" that may contribute to diseases if consumed in excessive amounts and Plaintiff cannot invoke state law

to circumvent the FDA's authority.  There is no private right of action to enforce FDA regulations, and Plaintiff lacks standing because she has not shown she was deceived or suffered any injury as a result of any alleged violations.

**2.  Deadline for Amendments**

Plaintiff filed her Class Action Complaint ("Complaint") on April 11, 2022.  Defendant filed its motion to dismiss on June 2, 2022.  Plaintiff's deadline to respond to Defendant's motion to dismiss is July 7, 2022.  Defendant's deadline to file its reply in support of its motion to dismiss is July 21, 2022.  The hearing for Defendant's motion to dismiss is tentatively set for August 11, 2022, at 2:00 p.m.  Plaintiff may seek to amend her pleadings depending on the outcome of the pending motion.

**3.  Factual Summary**

See Section 1 above.

**4.  Legal Issue Summary**

There are no issues regarding service, jurisdiction or venue.  Remaining legal issues that will be briefed are set forth with particularity in the Defendant's motion to dismiss and include: 1) whether Plaintiff's claims are preempted; 2) whether Plaintiff has plausibly alleged that the Products are unhealthy; 3) whether Plaintiff has plausibly alleged that the Products are likely to deceive a reasonable consumer; 4) whether Plaintiff has adequately alleged fraud; and 5) whether Plaintiff has standing to pursue her claims.

Plaintiff also intends to file a motion for class certification.

**5.  Procedural Status**

The briefing schedule for Defendant's motion to dismiss is outlined in Section 2 above.

Plaintiff proposes that she file a motion for class certification within nine months after Defendant, as may be required, files an answer to the complaint.

6. **Discovery Plan**

   a. The Parties shall exchange initial disclosures on or before July 22, 2022.

   b. The Parties propose that the Defendant be afforded 90 days to conduct discovery on factual matters raised in, or related to, any motion for class certification, prior to filing its reply.

   c. The parties propose 120 days after the Court issues its order on Plaintiff's motion for class certification for the close of non-expert factual discovery.

   d. The parties propose 120 days after the Court issues its order on Plaintiff's motion for class certification for the initial disclosure of expert witnesses and 150 days after for the disclosure of rebuttal expert witnesses.

   e. The parties propose 180 days after the Court issues its order on Plaintiff's motion for class certification for expert depositions to be completed.

   f. The parties do not propose any changes to the limits on discovery imposed by FRCP 26(b), 30(d) or 33(a).  The limits of Rule 30(a)(2)(A) with respect to the number of depositions shall not apply to depositions taken in aid of discovery related to any motion for class certification.

   g. The parties anticipate entering into a stipulated protective order.

   h. The parties do not anticipate any issues regarding the timing, sequencing, phasing or scheduling of discovery.

   i. The parties do not anticipate the need to take discovery outside the United States.

   j. The parties anticipate using video and/or sound recording of depositions.

   k. The parties propose a discovery status conference following the adjudication of the motion for class certification.

**7. Duty to meet and confer**

The Parties met and conferred on July 6, 2022.

**8. Agreed-upon dates**

a. The parties propose 210 days after the Court issues its order on Plaintiff's motion for class certification for the dispositive motion deadline.

b. The parties propose that the pre-trial conference be held approximately 30 days after the Court issues its ruling on the parties' dispositive motions.

c. The parties propose that the trial commence 90 days after the Court issues its ruling on the parties' dispositive motions.

**9. Settlement**

The parties propose a private mediation after the Court rules on the motion for class certification.

**10. Jury**

The parties request a trial by jury of the claims and defenses in this action.

**11. Trial Length**

The parties anticipate that the trial would last 5-7 court days.

**12. Consent**

The parties do not consent to proceed before a magistrate judge.

**13. Procedural proposals**

The parties do not anticipate requesting bifurcation or phasing of the trial.

**14. Related Matters**

The parties are unaware of any related matters.

**15. Reservation of Rights**

The parties expressly reserve the right to seek the amendment of the positions and time periods set forth herein.

Dated: July 13, 2022                           Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:_____/s/ L. Timothy Fisher_____

L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

*Attorney for Plaintiff*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:_____/s/ Peter J. Haley_____

Peter J. Haley (*pro hac vice*)
peter.haley@nelsonmullins.com
William T. Hogan III (*pro hac vice*)
bill.hogan@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA  02111
Telephone:  617- 217-4714
Facsimile:  617 -217-4710

Michael J. Hurvitz (SBN 249050)
mike.hurvitz@nelsonmullins.com
Ian G. Schuler (SBN 275052)
ian.schuler@nelsonmullins.com
750 B. Street, Suite 2200
San Diego, CA 92101
Telephone: 619.489.6110
Facsimile:  619.821.2834

*Attorneys for Defendant*